## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**MARTIN RAYMOND JOHNSON**,

Debtor.

Case No. **15-60227-13**

## MEMORANDUM OF DECISION

At Butte in said District this 14th day of January, 2016.

After due notice a hearing was held at Missoula on January 7, 2016, on the Debtor's Objection (Document No. 61) to Proof of Claim No. 2 filed by Greg Moran and Rachelle Moran ("Morans") on the grounds Morans failed to include documentation showing a basis for their claim. No response was filed, but Morans both appeared at the hearing pro se and testified. Debtor Martin Raymond Johnson ("Johnson" or "Debtor") appeared and testified, represented by attorney Andrew W. Pierce of Missoula. No exhibits were admitted.[1] After the parties completed their cases-in-chief, the Court took the Debtor's Objection under advisement. After review of the Debtor's Objection, Morans' Proof of Claim No. 2, and the record, for the reasons set forth below this Court

---

[1] Neither side filed a witness and exhibit list as required by Montana Local Bankruptcy Rule 5074-1(b). Morans stated that they had letters and documentation with them at the hearing which provide a basis for their claim, but they did not offer the undisclosed exhibits for admission, and had they offered them the Debtor would have objected on the grounds they were not disclosed and exchanged.

1

sustains Debtor's Objection and disallows Proof of Claim No. 2, but the Court grants Morans leave to file an amended proof of claim with appropriate documentation setting forth the basis for their claim.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). Allowance or disallowance of Morans' claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(b).

## FACTS

The background facts are mostly undisputed. Morans own an auto repair shop in Missoula and a cabin on Georgetown Lake, Montana. Greg Moran testified that his shop provided vehicle repairs for Johnson for several years, for which Johnson arranged to pay by providing carpentry services at Morans' cabin. Morans kept track of Johnson's vehicle repair bills; the parties agreed that Johnson would get credit for his carpentry services.

A dispute arose between the parties regarding Johnson's carpentry work at Morans' cabin. Johnson testified that issues arose with his work on their cabin and that he could have cured them but Morans removed him from the job. Morans filed a lawsuit against Johnson in Montana state court. The parties began a mediation, but that was stayed by Johnson's bankruptcy case.

Johnson filed a voluntary Chapter 13 petition on March 26, 2015, with his Schedules and Statement of Financial Affairs ("SOFA"). Schedule B lists Johnson's

flooring and carpentry business, but does not list any claim against the Morans for the work he performed on their Georgetown Lake cabin. Schedule F lists Morans as having an unsecured, nonpriority claim in an "Indeterminate" amount and lists the cause of action No. DV-13-1030. Debtor's SOFA lists Morans' lawsuit DV13-1030 at item 4 ("Suits . . . ."). The notice of commencement of case was sent to Morans and other creditors, including a claims bar date.

Morans filed Proof of Claim No. 2 on April 20, 2015, asserting a priority[2] claim in the amount of $11,942.76. The basis for claim stated on Proof of Claim 2 is "carpentry services performed." Attached to Proof of Claim No. 2 are Johnson's responses to Morans' first set of discovery requests in Cause No. DV-13-1030 in the Montana Fourth Judicial District Court, Missoula County and an invoice sent by "Marty Johnson LLC" to Morans dated 5/18/2012 for woodwork, tile work, travel and other expenses with a total amount due stated as $11,682.32. At the hearing the Morans were unsure in their testimony about the contents of their Proof of Claim. Greg did not save a copy of their claim; Rachelle did not know which documents she attached to Proof of Claim No. 2, or which documents she was supposed to attach.

Morans used Official Form 10 (04/13) for their Proof of Claim 2. The instructions to Official Form 10 include "Items to be completed in Proof of Claim form" including:

---

[2]The Chapter 13 Trustee filed an objection to Morans' claim of priority under 11 U.S.C. § 507(a)(3). The Court sustained the Trustee's objection after Morans failed to respond, and allowed Claim 2 as an unsecured nonpriority claim.

"2. Basis for Claim: State the type of debt and how it was incurred . . . . 7. Documents: Attach redacted copies of any documents that show the debt exists . . . ." Rachelle testified that she was aware of No. 7's requirement for documents showing the debt exists, and that they are in possession of a letter stating that Johnson consents to the amount stated on their Proof of Claim. However, Morans did not disclose any such writing as an exhibit prior to the hearing and did not produce, exchange or offer into evidence any writing or document which shows that the Debtor's debt to Morans exists.

Under questioning by the Court Rachelle answered "No" when asked if any itemization of Johnson's work on their cabin is attached to Proof of Claim No. 2. She testified that she did not know she had to include more documents to their Proof of Claim.

Debtor filed his Objection to Morans' claim on December 2, 2015, on the grounds that no attachments to Proof of Claim No. 2 established the basis for their claim. Johnson testified that his work on Morans' cabin offset their claim for vehicle repair services. Asked whether a balance is owing, Johnson answered that the parties were at a "wash," a few hundred dollars one way or the other.

### DISCUSSION

Morans filed their Proof of Claim and appeared at the hearing pro se. Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. L.A. Cty*, 339 F.3d 920, 925 (9th Cir. 2003); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Since Morans are pro se, the

Court construes their Proof of Claim liberally. On the other hand, even pro se litigants must follow procedural rules. *See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules."); *Warrick v. Birdsell*, 278 B.R. 182, 187 (9th Cir. BAP 2002).

The law on objections and allowance of claims is well settled in the Ninth Circuit and this Court. This Court discussed the applicable law governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

> A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. F.R.B.P. 3001(f). The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):
>
>> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.
>>
>> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on

> Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consol. Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.
>
> * * * *
>
> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

*See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Found.*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).

Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell* was reiterated by the Ninth Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002). Applying this analysis to the instant case, Debtor's Objection to Morans' Proof of Claim No. 2 must be sustained because Morans did not attach any documentation, which they argue they have, which shows the basis of

their claim. They attached some of Johnson's discovery responses and his invoices for his work on their lake cabin, with the invoice stating that Morans owe Johnson the sum of $11,682.32. Based on the agreed testimony that Johnson was to provide work on their cabin to offset his debt to Morans for vehicle repairs, the Court finds and concludes that Proof of Claim No. 2 is not entitled to *prima facie* treatment of the amount of claim due after the offset.

The only evidence in Proof of Claim No. 2 of a debt owed by Debtor to Morans is the number itself at the bottom of the first page, $11,942.76. Morans did not attach any documents showing the basis for their claim. Rule 3001(a), F.R.B.P., requires that a proof of claim conform substantially to the appropriate Official Form. The instructions on Official Form 10, of which Rachelle testified she was aware, required Morans to attach documents showing the basis of their $11,942.76 claim. Rule 3001(c)(1) requires supporting information to be filed with a proof of claim, including a copy of a writing on which a claim is based. Morans did not attach any documents showing the basis of their right to payment from Johnson.

Finally, Mont. LBR 5003-2 provides in pertinent part: "All exhibits shall be filed with the pleading or proof of claim to which they belong." Mont. LBR 5074-1(b) provides in part: "The parties involved in video and in-person conferences and hearings shall exchange proposed witness and exhibit lists and copies of all proposed exhibits, and file such lists and exhibits with the Court, at least three (3) days prior to a hearing or

trial." Morans did not comply.

Debtor's Objection to Morans' Proof of Claim No. 2 is based on their failure to attach documents showing a basis of their claim to their Proof of Claim. The attachments to Proof of Claim No. 2 do not show a basis for Morans' claim. Rather, the attachments include a claim by Johnson against Morans for payment of his carpentry work, and some discovery responses. At the hearing Morans referred to their letters and supporting documents. However, they did not file those documents with their Proof of Claim. As a result, the Court finds that the Debtor's Objection to Morans' Proof of Claim No. 2 on the grounds of lack of supporting documentation is well taken and must be sustained.

In the interests of justice, because Morans are pro se, and based on Johnson's testimony that he owes Johnson's some amount and they owe him some amount and there is a balance due, the Court will grant Morans leave to file an amended Proof of Claim with their supporting documents attached. If Morans file an amended Proof of Claim No. 2 and required attachments within the time allowed, and if the Debtor files another objection to Morans' claim, Debtor's attorney shall notice the matter for another evidentiary hearing, at which time the Court will review the documents and any additional exhibits and testimony which are timely disclosed, and enter findings and conclusions about the amount owed.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above sustaining Debtor's Objection to Proof of Claim No. 2 filed by Morans, but granting

Morans leave to file an amended claim along with documentation showing the basis of their claim, and giving the Debtor time to respond and request a hearing.

_____
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge